1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                       FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   JOE LENZIE TURNER,                          No.  2:15-cv-1758 GGH P

11                  Petitioner,

12          v.                                   ORDER

13   FELICIA PONCE,

14                  Respondent.

15

16

17          Petitioner, a federal prisoner proceeding pro se, has filed an application for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2251.  Petitioner has paid the filing fee.  The court finds

19   that it does not have subject matter jurisdiction over the petition and accordingly, will order

20   petitioner to show cause why it should not be dismissed pursuant to Rule 4 of the Rules

21   Governing Habeas Corpus Cases under Section 2254.

22   I.     Screening

23          A district court may summarily dismiss a § 2241 petition where "it appears from the

24   application that the applicant or person detained is not entitled" to relief.  See 28 U.S.C. § 2243.

25   Habeas petitions under § 2241 are subject to the screening requirements that apply to § 2254

26   petitions.  Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. §

27   2254 ("Habeas Rules"); Habeas Rule 1(b) (stating that "[t]he district court may apply any or all of

28   these rules to a habeas corpus petition not covered by" § 2254).  Habeas Rule 4 provides that the

                                                   1

1   Court must "promptly examine" the petition and "[i]f it plainly appears the petitioner is not

2   entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to

3   notify the petitioner." <u>Id.</u> Habeas Rule 4.

4   II.      Analysis

5           Petitioner claims that his "custody classification score was calculated in error due to

6   erroneous information contain[ed] in [his] central file." ECF No. 1 at 3.  Petitioner does not

7   otherwise explain the legal basis of his claims, except with reference to a "Declaration brought in

8   support of petition for writ of Habeas Corpus." <u>Id.</u>  Although it is not clear what declaration

9   petitioner is referring to, an attached inmate request form to the Federal Bureau of Prisons

10  ("BOP") dated February 22, 2015, is revealing.  ECF No. 1 at Exhibit B.  The form includes

11  allegations that a certain state conviction was improperly counted against him in his custody

12  classification score. <u>Id.</u>  Petitioner claims that this error "adversely affected [his] custody level,

13  housing, work assignments, level of supervision[,] and eligibility for desirable activities.  <u>Id.</u>

14          Relief by way of a writ of habeas corpus extends to a person in custody under the

15  authority of the United States if the petitioner can show that he is "in custody in violation of the

16  Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(1) & (3).  A habeas

17  corpus action is the proper mechanism for a prisoner to challenge the fact or duration of his

18  confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973); <u>Tucker v. Carlson</u>, 925 F.2d 330,

19  332 (9th Cir. 1990) (holding in a <u>Bivens</u> action that a claim that time spent serving a state

20  sentence should have been credited against a federal sentence concerned the fact or duration of

21  confinement and thus should have been construed as a petition for writ of habeas corpus pursuant

22  to 28 U.S.C. § 2241, but that to the extent that the complaint sought damages for civil rights

23  violations, it should be construed as a <u>Bivens</u> action); <u>Crawford v. Bell</u>, 599 F.2d 890, 891–892

24  (9th Cir. 1979) (upholding dismissal of a petition challenging conditions of confinement and

25  noting that the writ of habeas corpus has traditionally been limited to attacks upon the legality or

26  duration of confinement).

27          Claims concerning various prison conditions that have been brought pursuant to § 2241

28  have been dismissed in this district for lack of subject matter jurisdiction with indications that an

1  action pursuant to Bivens is appropriate.  See, e.g., Dyson v. Rios, Case No. 1:10-cv-00382-DLB-

2  HC, 2010 U.S. Dist. LEXIS 97607 at *10 (E.D. Cal. Sept. 1, 2010) (a claim challenging

3  placement in a special management housing unit in connection with a disciplinary violation);

4  Burnette v. Smith, Case No. CIV S-08-2178-DAD-P, 2009 U.S. Dist. LEXIS 20219 at *2 (E.D.

5  Cal. Mar. 12, 2009) (a petition seeking a transfer and prevention of retaliation by prison staff);

6  Evans v. United States Penitentiary, Case No. 1:07-CV-01611 OWW GSA HC, 2007 U.S. Dist.

7  LEXIS 87181 (E.D. Cal. Nov. 27, 2007) (claims brought pursuant to § 2241 regarding a transfer

8  and inadequate medical care).

9          The petition suffers from a number of defects.  First, it is not clear what the legal basis of

10  the petition is, as petitioner does not claim that his confinement violates any particular

11  constitutional or federal law.  In addition, petitioner's claims arise out of an allegedly improper

12  custody classification score, which has caused him the loss of privileges related to housing, work

13  assignments, level of supervision, and available activities.  Such claims challenge the conditions

14  of petitioner's confinement, not its fact or duration.  Accordingly, petitioner's claims are more

15  properly brought in a Bivens action.  In accordance with the foregoing, the court will issue an

16  order to show cause why the petition should not be dismissed without leave to amend.

17  Petitioner's response must explain the legal basis of his claims, and allege sufficient facts in

18  support of those claims.  Petitioner's response must also explain why it is the court has subject

19  matter jurisdiction pursuant to § 2241.

20  III.    Conclusion

21          Accordingly, IT IS HEREBY ORDERED that petitioner shall show cause within thirty

22  (30) days why the petition should not be dismissed for lack of subject matter jurisdiction and

23  failure to state a claim.

24  Dated: October 6, 2015

25                                  /s/ Gregory G. Hollows

26                          UNITED STATES MAGISTRATE JUDGE

27

28  /GGH17; turn1758.osc

3